# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| MICHAEL EDWARDS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12cv-2266 |
| OFFICER FORD, SANDY LEMMON, and GREG WATSON, | ) |
| Defendants. | ) |

## OPINION

This case is before the court on Plaintiff's Motion to Stop Monthly Deductions Instanter (#7) and Plaintiff's Motion for Reconsideration (#9). The court has reviewed both motions and the hearing transcript. Following this careful review, both Plaintiff's outstanding Motions, (#7, #9), are DENIED.

## Background

On October 9, 2012, Plaintiff filed his Complaint in this court. (#1). Plaintiff alleged, essentially, a slip-and-fall incident in prison wherein he slipped in a large puddle of water from an overhead pipe leak when he was playing basketball and was subsequently injured. On November 5, 2012, this court held a merit review hearing pursuant to 28 U.S.C. § 1915A. During that hearing, the court dismissed this case for failure to state a claim upon which relief may be

granted. This court found that Plaintiff failed to allege that Defendants had been deliberately indifferent to his serious medical needs.

On November 29, 2012, Plaintiff filed a Motion to Stop Monthly Deductions, arguing that his case was dismissed at screening but that the Clerk of the Court continued to deduct $2.88 from his account each month, pursuant to 28 U.S.C. § 1915(b)(1). (#7). On February 14, 2013, Plaintiff filed a Motion for Reconsideration, arguing that while the court addressed his claim of deliberate indifference to serious medical needs, it did not dispose of his claim that the prison failed to protect his health and safety. (#9).

**Analysis**

**I. Motion to Stop Monthly Deductions**

Plaintiff requests that this court stop withdrawing partial payments from his account because his case was dismissed at screening. However, the Seventh Circuit has been clear that "district courts must apply the PLRA's fee assessment and collection mechanism when they dismiss under § 1915A." *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997). In *Hains*, that court reasoned that "the filing of a complaint (or appeal) is the act that creates the obligation to pay fees, and what the judge does later does not relieve a litigant of this responsibility." *Id*. Further, that court noted that "[i]t would be absurd if the very weakest complaints—those summarily thrown out under § 1915A—were cost-free from the prisoner's perspective, while more substantial claims must be paid for." *Id.* This court has previously noted in other dismissal orders on merit review screening that "[t]he plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed." *E.g.*, *Thompson v. Quinn*, 10-1082, 2010 WL

2663068 (C.D. Ill. July 1, 2010) (unpublished); *Green v. Walls*, 08-1239, 2008 WL 4491935 (C.D. Ill. Sept. 29, 2008) (unpublished). Accordingly, Plaintiff's Motion to Stop Monthly Deductions (#7) is DENIED.

**II. Motion for Reconsideration**

Although the Federal Rules of Civil Procedure do not explicitly provide for a Motion for Reconsideration, this court may construe Plaintiff's Motion as a Rule 60 Motion for Relief from a Judgment or Order.[1] Rule 60 permits this court, on motion, to relieve a party from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect;… or (6) any other reason that justifies relief. Fed. R. Civ. P. 60.

Plaintiff requests that this court reconsider its dismissal, arguing that it failed to address his claim that Defendants failed to protect his health and safety. Plaintiff does not cite to any authority for the proposition that a prison or prison officials have a constitutional duty to protect his health and safety beyond that afforded by the Eighth Amendment's interdiction against the deliberate indifference to serious medical needs or substantial risk of serious injury. This court also cannot find any such right. During the merit hearing, this court determined that Plaintiff's position was that Defendants were either negligent or grossly negligent about the water leak and the water spill. Negligence alone is not enough to support a claim of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Plaintiff's case is on all fours with *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004). In *Bell*, the plaintiff there alleged that he slipped on a wet

---

[1] The Motion cannot be construed as a Rule 59(e) Motion to Alter or Amend Judgment because such motions must be filed no later than 28 days after the entry of judgment. Plaintiff's Motion was filed on February 14, 2013, which is 101 days after judgment was entered on November 5, 2012.

floor in the common area of his cell block and struck his chin on a steel stool. *Id*. at 126. The Seventh Circuit affirmed the district court's dismissal during the merit review hearing, noting that the accumulation of water on the floor did not present a substantial risk of serious injury. *Id*. at 127. Similarly, Plaintiff has alleged nothing more than a common negligence claim, which this court previously pointed out during his merit review hearing. Insofar as Plaintiff claims that he has a separate and independent constitutional right to the protection of his health and safety, that claim is also dismissed. Accordingly, Plaintiff's Motion for Reconsideration (#9) is DENIED.

IT IS THEREFORE ORDERED THAT

(1) Plaintiff's Motion to Stop Monthly Deductions (#7) is DENIED.

(2) Plaintiff's Motion for Reconsideration (#9) is DENIED.

ENTERED this 24th day of May, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE